UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 2:14 -CR-00228 |
| | * | |
| v. | * | |
| | * | JUDGE |
| JAMES A. RUSSELL | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.     MEMORANDUM RULING

Presently before the court is a Motion to Vacate under 18 U.S.C. § 2255 (Rec. Doc. 71)

filed by the defendant-petitioner James A. Russell. For the following reasons, the court will

**DISMISS** the petition **WITHOUT PREJUDICE.**

## II.     FACTS & PROCEDURAL HISTORY

On March 31, 2016, Mr. Russell pled guilty to one count of assault in violation of 18

U.S.C. §113(a)(4) before the magistrate judge. (Rec. Docs. 56, 61). The plea was accepted by the

district court, (Rec. Doc. 64), and Mr. Russell was sentenced to 12 months of imprisonment,

(Rec. Doc. 69). A final judgment was entered on August 4, 2016, (Rec. Doc. 69), and Mr.

Russell filed a *pro se* Notice of Appeal which was entitled a "Motion to Modify Sentence" on

August 11, 2016, (Rec. Doc. 70).  In this filing, Mr. Russell argued that the district court did not

properly consider all sentencing factors, and that his counsel was ineffective. (Rec. Doc. 70). On

September 2, 2016, Mr. Russell filed the present *pro se* § 2255 petition, again arguing that the

court did not consider all sentencing factors, and that his counsel was ineffective. (Rec. Doc. 71).

On September 6, 2016, the district court ordered that the filing entitled "Motion to

Modify Sentence" was to be considered as a timely Notice of Appeal, and that the Federal Public

Defender was to continue to represent Mr. Russell. (Rec. Doc. 72). The appeal is currently

pending before the Fifth Circuit. *See United States v. Russell*, No. 16-31004 (5th Cir. filed Sept. 9, 2016). Mr. Russell's § 2255 petition is still pending before this court.

## III.   LAW & ANALYSIS

While not a jurisdictional bar, generally, a § 2255 petition should not be entertained by a district court until the conviction has been affirmed on direct appeal, unless extraordinary circumstances are present. *See United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (citing *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988)); *Woollard v. United States*, 416 F.2d 50, 51 (5th Cir. 1968) (citing *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). If a § 2255 petition and a direct appeal are both pending, the district court "should normally dismiss a movant's § 2255 motion … without prejudice." *Saldaña-Jimenez v. United States*, No. EP-13-CR-1567-DB-1, 2014 WL 12615701, at *1 (W.D. Tex. Dec. 5, 2014) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). By doing so, the district court ensures an orderly administration of criminal proceedings. *Woollard*, 416 F.2d at 51 (citing *Womack*, 395 F.2d at 631).

Here, Mr. Russell filed a Notice of Appeal before filing a Motion to Vacate his Sentence under 28 U.S.C. § 2255. While his original filing was entitled "Motion for Reconsideration," the name he entitled the filing does not change the substantive nature of it. Because Mr. Russell has a pending appeal before the Fifth Circuit, which has overlapping claims to his § 2255 petition, the court will dismiss the collateral attack petition without prejudice. Mr. Russell has presented no extraordinary circumstances which would warrant the district court and the appellate court to simultaneously review attacks on his conviction.

## IV.   CONCLUSION

For the reasons explained above, the court will **DISMISS** Mr. Russell's § 2255 Petition

(Rec. Doc. 71) **WITHOUT PREJUDICE.**

_Shreveport_, Louisiana, this 12 day of _____April_____, 2017.

UNITED STATES DISTRICT JUDGE